USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF VINMAR OVERSEAS, LTD.,

        Petitioner,

for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

No. 20-mc-277 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On August 5, 2020, Petitioner Vinmar Overseas, Ltd. submitted an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to serve a subpoena on The Clearing House Payments Company L.L.C. (the "Clearing House") to obtain discovery for use in (i) a civil proceeding commenced by Petitioner before the Central Jakarta District Court and currently pending before the Cikarang District Court, both in Indonesia, and (ii) two criminal investigations currently being conducted by the Polda Metro Jaya Criminal Investigation Directorate and the Polres Metro Bekasi Criminal Investigation Unit. Dkt. 1. In support of its application, Petitioner filed a declaration of Tony Budidjaja. Dkt. 2. For the following reasons, Petitioner's application is granted.

      "A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotation marks and citation omitted).

Petitioner has met all three of these statutory requirements. First, Petitioner avers that the Clearing House is headquartered and regularly transacts business in this district. Dkt. 1 ¶¶ 2-3; Dkt. 2 ¶¶ 4, 40.

Second, Petitioner has requested the discovery for use in foreign proceedings—a civil proceeding and two criminal investigations. Dkt. 1 ¶ 2; Dkt. 2 ¶¶ 3, 37. Petitioner intends to use the discovery to enforce an attachment order against PT Sumi Asih Oleochemical Industry (the "Foreign Defendant") in the pending civil proceeding. Dkt. 1 ¶ 14, Dkt. 2 ¶ 5. Specifically, Petitioner seeks information from the Clearing House to demonstrate that the Foreign Defendant conducts business under two trade names, "PT Sumi Asih" and "PT Sumi Asih Oleochemical Industry," and that these trade names refer to a single legal entity. Dkt. 1 ¶ 14, Dkt. 2 ¶ 5. Petitioner contends that this discovery will support its claim that the attachment order, which names PT Sumi Asih Oleochemical Industry as a debtor, can also be enforced against assets owned by PT Sumi Asih. Dkt. 1 ¶ 14, Dkt. 2 ¶ 5.

Petitioner also seeks to use the discovery in connection with two criminal investigations that are closely related to the pending civil proceeding. Dkt. 2 ¶ 5. Under the plain text of Section 1782, a foreign proceeding "include[es] criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see also In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 458 (2d Cir. 2014) (holding § 1782 "applies to a foreign criminal investigation involving an investigating magistrate seeking documents in the United States"); *In re Wilhelm*, 470 F. Supp. 2d 409, 411 (S.D.N.Y. 2007) (granting a § 1782 application where an "adjudicative proceeding, which is to say a formal accusation, against the individuals in question lies within reasonable contemplation") (citations and internal quotation marks omitted). The first criminal investigation focuses on whether the

Foreign Defendant's directors should be found in contempt of court for falsely alleging that PT Sumi Asih and PT Sumi Asih Oleochemical Industry are two distinct entities and thus refusing to comply with the attachment order. Dkt. 1 ¶ 12; Dkt. 2. ¶¶ 28-30. The second criminal investigation relates to whether Petitioner's counsel engaged in fraudulent misrepresentation by arguing to the Indonesian courts that PT Sumi Asih and PT Sumi Asih Oleochemical Industry are a single entity. Dkt. 1 ¶ 13; Dkt. 2 ¶¶ 32-33.

Third, Petitioners are interested parties in the foreign proceedings. Courts have construed the term "interested party" to include not just parties to foreign proceedings, but also complainants who trigger foreign investigations and those who possess participation rights in such investigations. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-67 (2004) ("The text of § 1782(a), 'upon the application of any interested person,' plainly reaches beyond the universe of persons designated 'litigant'" and includes a "complainant who triggers a European Commission investigation [and] has a significant role in the process."); *see also In re Children's Inv. Fund Found. (UK)*, 363 F. Supp. 3d 361, 372 (S.D.N.Y. 2019) ("[A] complainant in a criminal investigation satisfies the 'interested person' requirement of § 1782.") (*citing In re Application for an Order Pursuant to 28 U.S.C. § 1782*, 773 F.3d at 457–58). Here, Petitioner initiated the pending civil proceeding in which it seeks enforcement of the attachment order and is thus an interested party to that proceeding. Dkt. 1 ¶¶ 4-11; Dkt. 2 ¶¶ 10-26. Petitioner is also an interested party in the pending criminal investigation of the Foreign Defendant's directors as it filed the police report that prompted the investigation, was classified as the victim of the potential crime under investigation by the Polda Metro Jaya Criminal Investigation Directorate, and possesses substantial participation rights—including the right to present evidence—in the investigation and in any resulting criminal proceedings under the Indonesian Criminal Procedure Code and the Head

of Police Regulation.  Dkt. 1 ¶ 12; Dkt. 2 ¶¶ 27-30.  Finally, Petitioner is an interested party in the second pending criminal investigation into whether Petitioner's counsel engaged in fraudulent misrepresentation, as Petitioner is considered a witness and possesses substantial participation rights—including the right to present evidence—in the investigation and in any resulting criminal proceedings under the Indonesian Criminal Procedure Code and the Head of Police Regulation.  Dkt. 1 ¶ 13; Dkt. 2 ¶¶ 31-33.  Accordingly, Petitioner has satisfied the three statutory requirements for obtaining discovery in aid of a foreign proceeding.

Petitioner has also satisfied the four discretionary factors set forth by the Supreme Court "that bear consideration in ruling on a § 1782(a) request."  *Intel Corp.*, 542 U.S. at 264.  These factors include:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome."

*In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp.*, 542 U.S. at 264–65).

Each of the discretionary factors weighs in favor of granting the subpoena.  First, Petitioner alleges that the Clearing House is not a party to the civil proceeding and it has no reason to believe that the Clearing House is a subject of the criminal investigations or that it will become a party in any resulting criminal proceedings.  Dkt. 2. ¶ 42.  Second, Petitioner avers that there is no indication that the courts in Indonesia or the Polda Metro Jaya Criminal Investigation Directorate or Polres Metro Bekasi Criminal Investigation Unit would not be receptive to the documentary evidence sought through this proceeding.  *Id*. ¶ 43.  Third, there is no evidence that Petitioner is

4

attempting to circumvent any proof-gathering restrictions imposed by Indonesian law or otherwise seeking the discovery in bad faith. *Id.* ¶ 45. Finally, the subpoenas proposed by Petitioners are not unduly intrusive or burdensome.

For the foregoing reasons, it is hereby ORDERED that Petitioner's application pursuant to 28 U.S.C. § 1782 to serve a subpoena against the Clearing House is granted. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   August 12, 2020
         New York, New York

_____
Ronnie Abrams
United States District Judge